IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PICKERN, | No. 2:17-cv-1130-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| NORD MARKET, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff brings this action for denial of access in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, California Civil Code § 51, *et seq.*, and California Health & Safety Code § 19955 *et seq.* Pending before the court is plaintiff's motion for default judgment (Doc. 11). A hearing on the motion was held October 11, 2017, at 10:00 a.m., before the undersigned in Redding, California. Plaintiff's attorney, Amada Lockheart, appeared telephonically. There was no appearance on behalf of the defendants. At the hearing, plaintiff was allowed additional time to file an additional brief on support of the request for attorney fees. The additional briefing has been received and reviewed by the court. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has appeared in the action.

**BACKGROUND**

This action proceeds on plaintiff's complaint (Doc. 1), filed on May 30, 2017. Plaintiff alleges that she is a disabled individual, including mobility limitations as she is in a wheelchair and she is legally blind. She states that on four separate occasions (August 9, 2016; November 4, 2016; January 4, 2017; and January 19, 2017) she visited Nord Market and Taqueria Ramirez (a taco truck in the parking lot of the market), both owned and operated by defendants Ibrahim and Mary Sayegh, and encountered access barriers. The access barriers included signage, parking, path of travel, entrance, accessible aisles, service counter and dining area. More specifically, plaintiff alleges the parking lot did not have proper handicap signage or proper parking and plaintiff had to use street parking; the door pressure was too great and plaintiff had to strain to open the door; an ice cream type freezer partially blocked the entrance; merchandise blocked what would otherwise be accessible aisles; the service counter in the store was too high; the service counter at the taco truck was too high so plaintiff could not reach her food; the park style tables and benches were inadequate to accommodate her wheelchair so she had to take her food to go; and the ATM lacked Braille and audio assistance. Plaintiff verbally and in writing complained to management about these barriers.

Defendant Ibrahim Sayegh was served on June 24, 2017; Defendant Mary Sayegh was served on June 6, 2017. After the time for filing an answer had passed with no appearance by the defendants, plaintiff requested entry of default as to both of the individual defendants. The Clerk's entry of default was entered July 21, 2017. On September 1, 2017, plaintiff then filed the pending motion for default judgment. There has been no appearance by any of the defendants.

**STANDARDS**

Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in

the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where defendants have failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). The court does not, however, presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. Thus, the court has the responsibility of determining whether the complaint states a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). If a claim lacks merit, the district court does not abuse its discretion in denying default judgment. See Aldabe, 616 F.2d at 1092-93.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Individuals may obtain injunctive relief against public accommodations with architectural barriers, including "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." § 12188(a)(2). "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski, 481 F.3d at 730 (citing Cal. Civ. Code § 51(f). Monetary damages are not available to private individuals under Title III, but the Unruh Act does allow for monetary

damages. Molski, 481 F.3d at 730. Thus, a plaintiff who establishes a violation of the ADA need not prove intentional discrimination under the Unruh Act. See Munson v. Del Taco, Inc., 46 Cal.4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f)).

**DISCUSSION**

DEFAULT JUDGMENT

Before granting default judgment, the court is to analyze the Eitel factors, as set forth above.

Prejudice to Plaintiff: Plaintiff will be denied a remedy until the defendant makes an appearance, which may never occur. Therefore, plaintiff would be prejudice by denying this means of recourse.

Merits of Claim: The complaint sufficiently sets forth the necessary facts to show that she is disabled (legally blind and wheelchair bound), the defendants own a place of public accommodation (grocery store and food truck), plaintiff was denied public accommodations because of her disability (visited the store on four occasions and encountered the barriers). The complaint also alleges there are architectural barriers prohibited under the ADA and that the removal of the barrier is readily achievable. The facts are taken as true. Plaintiff's complaint[1] sufficiently states a claim under Title III of the ADA, and the Unruh Civil Rights Act. This weighs in favor of default judgment.

Sum of Money Not Unreasonable: Plaintiff is seeking default judgment in the amount of $16,000 in statutory damages, and attorney fees and costs. This is not a relatively large sum of money, and subject to the deductions discussed below, is a reasonable sum.

Dispute of Material Facts: No genuine issue of material facts are likely because the allegations in the complaint are taken as true upon entry of default.

---

[1] Plaintiff's complaint also contains claims for violation of California Civil Code §§ 54, 54.1 and 54.3. She does not, however, address those claims in the motion for default judgment. Accordingly, the court only reaches plaintiff's claims for violation of the ADA and the Unruh Civil Rights Act.

4

1       <u>Default Due to Excusable Neglect</u>: As no responsive pleading or opposition to the pending motion have been filed, there is no evidence to establish the defendants' failure to participate in this case is due to excusable neglect.

      <u>Policy Favoring Decision on the Merits</u>: This factor weighs against any default judgment. However, this factor is outweighed by the other factors that weigh in favor of default judgment.

      Accordingly, weighing the <u>Eitel</u> factors supports a default judgment. However, before injunctive relief or damages can be awarded, plaintiff must meet her burden of proof.

FACTUAL ALLEGATIONS

      Upon default, the factual allegations in the complaint are taken as true. Here, plaintiff alleges in the complaint that she is disabled within the meaning of the ADA to the extent that she is reliant on a wheelchair for travel about in public and is legally blind. (Compl. at 5-6). She further alleges that the defendants own, lease, and/or operate a place of public accommodation in that Nord Market is a retail store and Taqueria Ramirez is a food truck which serves as a restaurant on wheels with a dining area of picnic tables housed under a metal car port. (Compl. at 6). Finally, she alleges in the complaint that on each of her four visits, she encountered architectural barriers. Specifically, she alleges that on August 9, 2016, November 4, 2016, and January 4, 2017, she experienced no handicap signage or parking, excessive door pressure, blocked pathways in the store, and a service counter that was too high. In addition, she alleges that on August 9, 2017, and January 19, 2017, she encountered architectural barriers at the Taqueria Ramirez in that the service counter was too high, and there were no usable tables to accommodate her wheelchair. (Compl. at 8-9).

      Based on these established facts, the undersigned finds plaintiff has made out a prima facie claim for discrimination under Title III of the ADA. Therefore, plaintiff will be granted default judgment against the defendants on both the ADA claim and the Unruh Civil Rights Act claim.

/ / /

INJUNCTIVE RELIEF

Plaintiff's complaint and motion for default judgment seek an injunction requiring Defendants to make several changes and accommodations at the Property. As the factual allegations in the Complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

Plaintiff has requested the defendants to modify the property to be in compliance with the Americans with Disabilities Act 2010 Standards, with work completed on or before April 30, 2018. Specifically, plaintiff requests the following modifications:

1. Provide requisite type/number of disabled and/or van accessible parking;
2. Provide proper disabled parking signage, including tow-away signage;
3. Provide a compliant, accessible path of travel from the parking to the front/main entrance;
4. Provide an accessible entrance door (pressure no greater than 5lbs.);
5. Provide accessible paths of travel in and throughout the store;
6. Provide accessible food/service counters; and
7. Provide accessible dining tables (5% requirement).

As defendants have offered no objection to these repairs, and they appear to be readily achievable, such repairs will be recommended to be required.

STATUTORY DAMAGES

Under California Civil Code § 52(a), a plaintiff is entitled to treble actual damages but no less than $4,000.00 in statutory damages for each violation. In this case, plaintiff alleges that she visited the establishment on four separate occasions wherein defendants violated the Americans with Disabilities Act. Rather than actual damages, plaintiff seeks statutory damages totaling $16,000.00.

The court is mindful that plaintiff is only requesting statutory damages. However, she does not explain why she visited and returned to the establishment so many times. There is no indication in the record that plaintiff received any type of assurance that the access barriers were removed, nor that there was any particular reason for her to return. The court can only assume that her frequent visits were only intended to increase the amount of damages she could receive in such a case. "Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages, which would violate principles of damages mitigation." Johnson v. Waterloo Enterprises, Inc., 2017 WL 5608110 at *4 (E.D. Cal. Nov. 21, 2017). In light of such deficiencies, the court finds that plaintiff's request for statutory damages for four visits is unreasonable, and that she is only entitled to statutory damages corresponding to two (2) visits to the establishment, i.e, $8,000.00.

ATTORNEY FEES AND COSTS

The ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).

An attorney's hourly rate is calculated according to the prevailing market rates in the relevant community and should comport with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Shirrod v. Office of Workers' Compensation Programs, 809 F.3d 1082, 1086 (9th Cir. 2015). The relevant community is the forum where the district court sits. Id.

When determining the reasonableness of a fee request, courts typically begin by using the lodestar method. Under this approach, "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209

(9th Cir. 1998). The lodestar figure may then be adjusted based on an evaluation of the so called Kerr factors:

> The time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Under this analysis, the Court first turns to the reasonable hourly rate. Plaintiff requests $625 per hour for the lead attorney and $300 per hour for time expended by the associate attorney. The fee applicant, here the plaintiff, has the burden of "producing satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar legal services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). A rate determined in this way is deemed the prevailing rate and is normally considered reasonable. Id.

In the original motion, plaintiff failed to provide any evidence to justify the hourly rates requested. Plaintiff was given an opportunity to provide evidence to justify the hourly rate requested, and a further brief has been provided.

The court's review of cases in this district show the prevailing rates to range from $250 to $300. In Johnson v. Patel, No. 2:14-cv-2078-WBS-AC, 2015 WL 300740 (E.D. Cal. Jan. 22, 2015), this court found, following a review of applicable case law, that "the prevailing rate [for attorneys' fees under the ADA] is $250 per hour in the Sacramento division of the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience and quality." Id. at * 4 (citing Loskot v. D&K Spirits, LLC, No.

8

2:10-cv-00684-WBS-DAD, 2011 WL 567364 at *5 (E.D. Cal. Feb. 15, 2011) (citing numerous Eastern District ADA cases where $250 was determined to be a reasonable rate on default judgment); Johnson v. Dhami, No. 2:14-cv-01150-KJM-AC, 2014 WL 4368665 at * 3 (same)). Moreover, in Johnson v. Wayside Property, Inc., No. 2:13-1610-WBS-AC, 2014 WL 6634324 at * 6 (E.D. Cal. 2014), in approving a $300 rate in a contested ADA case, the court found that there was no evidence showing Sacramento attorneys representing plaintiffs in routine disability access cases charge rates in excess of the $300 figure accorded, some seven months previously, to a partner in a disability access firm who had devoted some 95 percent of his practice to disability issues for almost 21 years. Id. at * 5-6 (discussing Johnson v. Allied Tractor Supply, No. 2:13-cv-01544-WBS-EFB, 2014 WL1334006 (E.D. Cal. Apr. 3, 2014)). In fact, most recently, another Eastern District case found the prevailing rate in Sacramento is $250 per hour. See Johnson v. Mistry, et al., 2:16-cv-0943-MCE-AC, 2017 WL 6327969 at *5 (E.D. Cal. Dec. 11, 2017) (findings and recommendations issued Dec. 11, 2017).

In support of her request, plaintiff cites to Feezor v. Excel Stockton LLC, et al., 2:12-cv-0156-KJM-EFB, 2014 WL 1415068 (E.D. Cal. Apr. 11, 2014), stating that Mr. Martin Orlick demands attorney fees at the rate of $640-$660 per hour. However, the court's review of the docket in that particular case indicates that the court denied the defendant's request for attorney fees as plaintiff's claims were not frivolous or unreasonable. See id. at *4. Therefore, whether or not Mr. Orlick demanded such a rate is immaterial as he was not awarded such a rate. All of the cases counsel originally cited in support of his hour rate are from the Northen District of California, not the Eastern District. Upon request for counsel to provide information specifically as to Eastern District cases, counsel cited to two Eastern District cases wherein counsel was awarded $310 and $300 per hour, respectively. See D'Lil v. Riverboat Delta King, Inc., et al., Case No. 2:11-cv-2230-WBS-AC, 2015 WL 5092714 (E.D. Cal. Aug. 28, 2015); Loskot v. Annie's Panda Garden, Case No. 2:13-cv-0213-JAM-JEM, 2015 WL 2235521 (May 12, 21015). Counsel then again cited to Northern District cases where counsel was awarded rates

of $500 per hour.

The undersigned notes that none of the cases cited, even from the Northern District, support the requested rates of $625 per hour. As to the two new cases counsel cites, counsel argues that Judge Mendez conceded that a $400 an hour rate is more compatible to a 30+ year experience level. However, reviewing that opinion, Judge Mendez stated a rate of $400 was excessive, and is generally reserved for complicated civil rights cases. Indeed, Judge Mendez cited to a case that found in a default ADA case, an award of attorney fees at the rate of $250 was reasonable. See Loskot v. Annie's Panda Garden, et al., 2015 WL 2235521 at *2 (citing Loskot v. K&K Spirits, LLC, 2011 WL 567364 (E.D. Cal. May 15, 2011)). Judge Mendez then found the prevailing rate to be $300 for Mr. Frankovich. Thus, plaintiff fails to present evidence that causes the undersigned to find the prevailing Sacramento rate to be any higher than $250-$300. Counsel is undoubtedly experienced in disability access litigation, as he indicates over 40 years of experience. Therefore, the prevailing rate appropriate for Mr. Frankovich would be at the higher end of these rates, but the court is not willing to increase that rate, especially in a default case. Accordingly, plaintiff will be awarded $300 per hour for the time expended by Mr. Frankovich, and a $200 hourly award for the associate attorney, Ms. Lockhart.

As to the number of hours expended, plaintiff is requesting 15.1 hours be awarded for the work Mr. Frankovich performed, and 17.8 hours be awarded for the work Ms. Lockhart performed, for a total of 32.9. The amount of time requested is significantly greater than comparable other default cases (which typically ranging from 10 to 15 hours). Given the nature of this case and Mr. Frankovich's experience, the number of hours billed in this case is not reasonable. More specifically, Mr. Frankovich's spent an excessive amount of time working on a routine retainer agreement, communicating with his client, communicating with his staff, and drafting a post answer agreement (which was never used as no answer was ever filed). As such, the undersigned finds Mr. Frankovich's time should be reduced by five (5) hours. Similarly, Ms. Lockhart time spent on the default judgment motion is excessive. She spent almost 15 hours on

the motion, which is the amount of time often spent on an entire default case. Thus, the undersigned finds Ms. Lockhart's time should be reduced by five (5) hours as well.

Accordingly, it will be recommended that attorney fees be awarded to plaintiff for Mr. Frankovich in the amount of $3,030.00 (10.1 hours x $300 per hour), and for Ms. Lockhart in the amount of $2,560.00 (12.8 hours x $200 per hour), for a total attorney fee award of $5,590.00.

Plaintiff also seeks to recover costs in the amount of $2,000.00. Specifically, she is requesting the following costs: filing fee ($400); ownership information ($5.15); service of process ($332.50); expert fees ($1,250); and postage ($3.30).

However, the court finds the request for expert fees in this case is unreasonable. First, plaintiff originally failed to provide any documentation as to the expert fees. The court provided plaintiff with an opportunity to support the claim for expert fees, and counsel provided a summary invoice. While the invoice indicates the expert visited the establishment on October 26, 2017, counsel's billing indicates the inspection occurred on January 5, 2017. Factually inconsistent evidence is not substantial evidence of a necessary and reasonable expense. In addition, the court finds the amount excessive. In this default type of case, the court questions whether an expert inspection was required. Upon default, well-pleaded factual allegations relating to liability are presumed to be true. Thus, the barriers plead are established without the need for an expert's inspection report. Finally, the court notes that Mr. Frankovich billed for an inspection of the establishment himself. It is unclear to the court why two inspections, one by an expert and one by a experienced attorney, were necessary in a default case. Accordingly, the court finds the inspection provided no material benefit to the case, and was an unnecessary expense in this default case. See Martinez v. Longs Drug Stores, Inc., 2005 WL 3287233 at *6 (E.D. Cal. Nov. 28, 2005).

///

///

## CONCLUSION

Plaintiff has established the default judgment is appropriate to be entered. However, as to the attorney fees and costs, plaintiff's requests are excessive. Based on the discussion above, counsel's hourly rates are decreased from $625 to $300, and from $300 to $200, and the amount of time is decreased by 10 hours total. As set forth above, Mr. Frankovich's time is decreased to 10.1, and Ms. Lockhart's time is decreased to 12.8. Thus, a total attorney fee award in the amount of $5,59.00 is acceptable. Similarly, the cost of the expert is excessive and is deducted from the amount of costs allowed. All other costs are reasonable, for a total costs of $740.95. Finally, injunctive relief, in the form of an order to be issued consistent with law directing defendants' compliance with the Americans with Disabilities Act is found to be appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (Doc. 11) is granted;

2. Plaintiff is awarded statutory damages in the amount of $8,000.00;

3. Plaintiff is awarded fees and costs in the amount of $6,330.95 ($5,590.00 in attorney fees; $740.95 in costs); and

4. Plaintiff is granted an injunction requiring defendant to provide the correct number and type of properly configured disabled parking space(s), with proper signage; an accessible entrance; accessible transaction counters; accessible aisles and rooms; and adequate table seating.

DATED: December 28, 2017

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE